John H. Palethorp's Estate. Angelina Palethorp's Estate. Appeal of Harriet Palethorp, Administratrix of Estate of Edward J. Palethorp, deceased.

*Decedents' estates—Family settlements.*

Where the distributees of an estate, without inventory, appraisement or account filed, make forty-six settlements among themselves of the income and principal of the estate, during seventeen years, the orphans' court will not set aside the settlement at the instance of a widow of one of the distributees, who was also one of the executors who assisted in making distribution, where no fraud appears, and where the estate has in the opinion of the auditing judge been managed with honesty and integrity.

Argued April 8, 1895. Appeal, No. 222, Jan. T., 1895, by Harriet Palethorp, from decree of O. C. Phila. Co., July T., 1893, No. 245, dismissing exceptions to adjudication. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

FERGUSON, J., filed the following adjudication:

" John H. Palethorp died in November, 1860, more than thirty years ago, having first made his will, dated the 30th day of August, 1854, whereby he left part of his estate to his wife Angelina absolutely, and the balance to her for life, to support herself, and to support, maintain and educate their children during minority, and, if she should save out of the same any money, it was to be for her own use and benefit to do as she pleased. There was no inventory or appraisement or account in this estate ever filed, until this present one, which was filed under the pressure of a citation.

" Angelina Palethorp, the widow, died in 1877, more than seventeen years ago, having first made her will, dated the 30th day of August, 1873, whereby she first gave all her estate to be divided equally among all of her children. She desired that her children would continue to live as they then did. She gave them authority to sell all or any portion of her real and personal estate. If her daughter Angelina becomes a widow, she desired that she should avail herself of the home she in

her said will provided for the single children.   If her daughter Caroline remains unmarried, and desires to keep house, 'I give her all my household goods, furniture, etc., of every description to keep house with, and my house, No. 1931 Arch street, where we now reside, at an annual rent of $700 per one year, commencing one month after my death, each of my children not living at home is to have her or his share of said rent.

"'If my daughter Caroline dies before my daughter Angelina W. Hey, all my silver and plated ware, coffee and tea sets, waiters, goblets, boxes, dinner and tea knives, are to be given to my daughter Angelina, also the cake baskets.   The old family silver is to be divided among all my children.   I further give my daughters all my wardrobe to be equally divided, velvets, India shawls, jewelry and diamonds, except those diamonds which I direct all my children to share.'

"To her son, Henry B., she gave all the property in her stable and coach house, except the family coach, phaeton and sleigh, which were to be sold and proceeds divided.

"She directed that her children should have no arbitration in their accounts, but themselves and the majority of her children to have full power to rent or sell her estate.

"The inventory and appraisement of this estate was as follows:

| | | |
|---|---|---|
| Furniture, mirrors, curtains, lambrequins, carpets etc., . . . . . . . | $ 7,350 | 00 |
| Silver and plated ware and fancy china, . | 3,500 | 00 |
| Diamonds and jewelry, . . . . | 3,675 | 00 |
| Wardrobe, . . . . . . | 4,250 | 00 |
| United States bonds, . . . . . | 1,500 | 00 |
| City sixes, . . . . . . | 3,500 | 00 |
| Claim in suit for rent, . . . . | 20,000 | 00 |
| Cash on hand, . . . . . . | 1,000 | 00 |
| Rents and note, . . . . . . | 1,335 | 00 |
| Bonds and mortgage, . . . . | 2,500 | 00 |
| Carriages, sleigh, horses, harness, etc., . . | 3,889 | 26 |
| $14,000 Tennessee state bonds, . . | 0000 | 00 |
| | $52,499 | 26 |

"This appraisement appears to be a very extravagant one,

but as almost all the articles mentioned in it were specifically bequeathed this fact does not make much difference, as the articles were long ago delivered to the legatees.   The furniture, silverware, diamonds and jewelry, wardrobe and contents of stable etc., were all specifically bequeathed.   This suit for rent, appraised at $20,000, realized only $8,848.   This practically left only a few items to be accounted for, and these Henry B. Palethorp, one of the executors, testified were divided equally among all the children within a year after their mother's death.

"During their mother's lifetime, she took the whole of the income on the father's estate, and when she died it went to the children, they with one exception, a daughter who was married, continued to live together in the premises No. 1931 Arch street. Edward J., the brother, whose widow has raised this controversy, living with them.   When their mother died, they divided their father's personal estate between them, and when they sold a piece of real estate the proceeds were also divided, so that whatever came into their hands in the way of cash, whether it was principal or income, was forthwith divided.   There was put in evidence the receipts, showing forty-six settlements of this kind since the death of the mother in 1877, in every one of which Edward J. Palethorp participated and took the same share of cash as the other children; besides, he was one of the executors of his mother's estate, and one of the persons who made the distribution; certainly, if he were alive, he could not gainsay or dispute these forty-six settlements made by him during a period of seventeen years, much less can his widow now do so.

"These settlements were of the affairs of both the estates of John H. and Angelina Palethorp, because they have both been run together during all this time, and therefore this adjudication is made to cover both, as it is impossible to adjudicate them separately.   The receipts were in this form:

" ' Received from the Executors of John H. Palethorp's es tate and Angelina Palethorp's estate the sum of —— dollars, being 39th settlement in full for my share of money from both estates from July 20, 1890, to October 20, 1890, inclusive.

Signed,             " ' EDWARD J. PALETHORP.'

"If there was a special dividend from the sale of a property, or the verdict in the suit against Bergner, it was so specified.

"Now, while the accounts of these two estates have not been

kept separately, and, perhaps, have not been kept with the skill and accuracy of an accountant, yet it must be borne in mind that these children of John H. and Angelina Palethorp were only accounting to each other without any expectation of any interference from any outside source. They were entirely satisfied with the accounts, they made their settlements for forty-six times, the last of which was only a few weeks before Edward J. Palethorp's death. Now there is nothing which the law regards as more sacred than these family settlements, and it would have to be a very strong case indeed, which would justify any court in setting them aside, particularly where they have been continued uninterruptedly for so many years,—nothing short of gross fraud, of which there is no evidence in this case. In the opinion of the auditing judge everything connected with the management of these estates shows, undoubtedly, honesty and integrity, and a desire to carry out the wish of their mother to settle everything among themselves.

" As before stated the account shows that everything which came into the hands of the accountants, whether principal or income, or whether belonging to the estate of John H. or Angelina Palethorp, has been distributed down to April 20, 1893, when the forty-sixth settlement was made. The account has since been brought down to the date of the death of Edward J. Palethorp, July 1, 1893, and shows a balance for distribution of    .    .    .    .    .    .    .    .    .   $2,058 74

  *Less*

Register of wills' filing account, .    .    .   $28 50
  "  Angelina Palethorp's estate,    .     18 50
Clerks' costs, John H. Palethorp's est.,     .    20 00
 "  "  Angelina Palethorp's est.,     20 00  87 00

Leaving a balance for distribution of   .    .      $1,971 74

The court dismissed the exceptions to the adjudication.

*Error assigned* was dismissing exceptions to adjudication.

*W. A. Manderson,* for appellant.

*Robert Palethorp,* for appellee.

PER CURIAM, May 13, 1895:

The decree of the court below in this case is affirmed on the opinion of the learned auditing judge. If the Tennessee bonds have not been accounted for, they can be reached by a supplemental account to be hereafter filed.