Davidyan et ux., Appellants, *v.* Davidyan.

Argued January 6, 1939. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*George T. Steeley,* for appellants.

*Charles F. Eggleston,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 30, 1939:

Appellants obtained a decree in equity against appellee, father of the husband appellant, for the conveyance of real estate pursuant to an agreement that, if the son should marry, the father would convey the property to him unencumbered. Appellee has never performed. The property became heavily encumbered. After commitment to the Philadelphia County Prison for a month, appellee was released. This appeal is from the subsequent refusal of the court below to recommit him for his con-

tinued failure to perform the decree. The court below stated in its opinion:

"The court, because of the relationship of these litigants, has patiently attempted to adjust this matter in some way to bring back to them some degree of friendly relations. The father is old and claims to be ill. He has filed a petition in bankruptcy and claims to be practically destitute. He has averred under oath that the property in question has been sold at a sheriff's sale under mortgage foreclosure proceedings and bought in by the mortgagee. He avers that he is thus unable to abide by the decree of this Court. The son is plainly distrustful. He believes that he has been out-maneuvered by an adroit parent and he is not reluctant in his condemnation of his father. The court has never before observed such evident mistrust and aversion of a son to a parent.

"The court is of the opinion that thirty days in the County Prison would have forced the hand of any old man who had never before suffered imprisonment. The commitment by the court brought no results and we feel that nothing more can be gained by a further term in prison. Aggressive pressing at times takes on the aspects of a persecution and even perchance if the defendant has beguiled us all, this court has refused to lend itself to the further punishment of a parent at the behest of his son. This seems to be within the scope of our discretion.

"It was for this reason that the court discharged the rule for attachment."

Ordinarily the method of enforcement of a decree in equity falls within the sound discretion of the chancellor,[1] and the grant or refusal of an attachment for contempt is consequently reviewable only for an abuse of

---

[1] *Com. ex rel. Lieberum v. Lewis,* 253 Pa. 175, 183; *Butler County v. Pittsburgh, etc., Ry. Co.,* 298 Pa. 347, 350; *Penn Anthracite Mining Co. v. Anthracite Miners of Penna.,* 318 Pa. 401, 409.

that discretion.[2]  The parties being father and son, the controversy a family matter, the father having served a month in prison and being of advanced age and apparently unable to perform the decree, the chancellor obviously acted within his discretion.

Order affirmed at appellants' cost.

---

[2] See *Seidman's Est.*, 270 Pa. 465; *Scranton City v. Peoples Coal Co.*, 274 Pa. 63; *State Grand Lodge of Pa. v. Morrison et al.*, 277 Pa. 41, 47; *Com. ex rel. Di Giacomo v. Heston*, 292 Pa. 63, 65; *Braunschweiger's Est.*, 322 Pa. 394, 399.