Jodi B. BASHAM, Appellee,

v.

Douglas E. BASHAM, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 16, 1998.

Filed June 22, 1998.

Douglas E. Basham, appellant, pro se.

D. Shawn White, Franklin, for appellee.

Before DEL SOLE and TAMILIA, JJ., and CIRILLO, President Judge Emeritus.

DEL SOLE, Judge:

Appellant Douglas Basham brought a petition for civil contempt alleging that Appellee Jodi Basham violated a visitation order which

had been entered by the court in the course of a custody action. The court denied the petition without a hearing. This appeal followed. We vacate the order and remand for further proceedings.

Visitations between Appellant and his children had occurred at the visiting area at the State Correctional Institute in Greene County. Problems arose and Appellee refused to take the children for visitations. After a telephone hearing with Appellant, the court entered an order, dated October 21, 1996, directing Appellant to write to the children at least once a week and directing Appellee to read and explain the letters to the children and respond to each letter with the children's replies and reactions. The court scheduled several mediation sessions after entering the order but for various reasons the court was unable to contact Appellant at SCI Greene. On March 31, 1997, Appellant filed a petition for civil contempt alleging that Appellee had not responded to his letters as required by the court order. On April 1, 1997, the court summarily dismissed Appellant's petition.

■ The court below has not advised this court of its reasons for summarily dismissing Appellant's petition. Rather, the trial judge has opined that his order is not final and therefore is not appealable. That determination is, however, contrary to established case law. Where a petition alleges refusal to comply with a court order, and the trial court denies the petition, the denial order is appealable. See Aungst Contempt Case, 411 Pa. 595, 192 A.2d 723 (1963); Davidyan v. Davidyan, 333 Pa. 465, 3 A.2d 921 (1939); Braunschweiger's Estate, 322 Pa. 394, 185 A. 753 (1936); State Grand Lodge of Pa. v. Morrison, 277 Pa. 41, 120 A. 769 (1923); Commonwealth v. Guardiani, 226 Pa.Super. 435, 310 A.2d 422 (1973).

■ Appellant's sole claim on appeal is that the court below erred when it dismissed his petition for contempt without a hearing. We agree. The court could not have determined that there was no merit to Appellant's petition without holding a hearing to take evidence from which it could determine whether Appellee violated the October 21 order. Appellant's petition appears to be procedurally correct.

As the trial court has offered no other reason for its summary dismissal of Appellant's petition, we must vacate the order and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.