Ronald SCHULTZ, Appellee

v.

Suzette SCHULTZ, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 9, 2013.

Filed June 11, 2013.

Lauren H. Kane, Philadelphia, for appellant.

Evan K. Hambleton, West Chester, for appellee.

BEFORE: LAZARUS, J., OTT, J., and STRASSBURGER, J.*

OPINION BY LAZARUS, J.

Suzette Schultz (Wife) appeals from the order of the Court of Common Pleas of Delaware County denying her petition to hold Ronald Schultz (Husband) in contempt of the court's May 3, 2011 order regarding marital property. After careful review, we quash Wife's appeal.

The parties were married on September 22, 1984. Husband filed a divorce complaint on December 8, 2009 in Chester County. The matter was transferred to Delaware County on June 7, 2010.

Wife filed a motion for special relief to prevent dissipation of marital assets on November 24, 2011. As a result, the court entered an order that provides, in relevant part:

AND NOW, to wit, this 3rd day of May, 2011, upon consideration of [Wife's] Motion for Special Relief, it is hereby OR-

---

* Retired Senior Judge assigned to the Superior Court.

DERED and DECREED that [Wife's] Motion be granted, to include, *inter alia,* the following provisions.

1. From herein forward, neither party shall withdraw, transfer, dissipate, conceal, sell, remove, encumber, and/or dispose of any of the parties' marital artwork including but not limited to artworks held by Alderfer Auction House and those previously sold or currently held by Ambre Art Studio or contained in any real estate either owned by the parties or purchased with marital funds;

2. [Husband] shall be required to account for all artworks including the number, location, value and proceeds received for the sale thereof, if applicable, within thirty (30) days of the Order;

3. All artworks shall be appraised with the costs to be split equally within thirty (30) days of this Order;

4. In the event that a piece of artwork has been dissipated by [Husband], he shall be solely responsible for its appraisal within thirty (30) days of this Order;

5. [Husband] shall be required to account for his severance check and bonus from Teva Pharmaceuticals dated [on] or around Dec. 4, 2010, in the amount of $315,000, which shall include but not be limited to providing any and all bank statements which trace the proceeds from their deposit into his ... Bank Account ... up to the present within thirty (30) days of this Order; [and]

6. [Husband] shall be required to account for the proceeds from the sale of the premises located at 310 Broad Street in Bethlehem, Pennsylvania, which shall include but not be limited to providing any and all bank statements which trace the proceeds

from their receipt upon the sale of the property to the present within thirty (30) days of this Order[.]

Order, 5/3/11, at 1–2.

On June 22, 2011, Wife filed a motion seeking to hold Husband contempt for violating the May 3, 2011 order. Following three days of hearings, the trial court issued an order on March 8, 2012, denying the motion for contempt, permitting Husband to withdraw $100,000 from Bank of America accounts (to be charged as an advance in equitable distribution), and freezing the marital accounts after Husband's $100,000 withdrawal.

Wife filed a notice of appeal, and raises the following issues for our review:

1. When he failed to find Husband in contempt of an order of the Court, did the trial judge err by ignoring uncontradicted evidence that Husband had willfully violated that order:

   a. by failing to account for the proceeds of the (1) severance pay, (2) bonus pay, and (3) proceeds of the Bethlehem real estate sale "from their deposit ... up to the present?"

   b. by failing to account for artwork both in his possession and artwork that he has dissipated, transferred, concealed, removed, disposed of, and/or encumbered?

2. Did the trial judge err by permitting Husband to withdraw from the Bank of America accounts the amount of $100,000 as an advance in equitable distribution without any formal request by Husband and without argument by or even discussion with Wife's counsel?

3. Did the trial [court] erroneously hold that Husband's severance pay, which was paid to him in a check issued prior to the filing of the divorce complaint and separation, was not

marital property subject to equitable distribution?

Brief of Appellant, at 6.

■ Wife claims that this Court has jurisdiction under 42 Pa.C.S. § 742, which provides that the Superior Court has jurisdiction over appeals from final orders of the courts of common pleas. Brief of Appellant, at 1. However, a final order is an order that (1) disposes of all claims and of all parties, (2) is expressly defined as a final order by statute, or (3) is certified by the trial court to be one that an immediate appeal of which would facilitate resolution of the entire case. *See* Pa.R.A.P. 341(b). The March 8, 2012 order is not a final order under any of the three definitions.

■ Wife cites several of this Court's decisions for the proposition that an order refusing to hold a party in contempt for violating a prior order is immediately appealable. *See* Brief of Appellant, at 1. Wife is correct that this Court has stated "[w]here a petition alleges refusal to comply with a court order, and the trial court denies the petition, the denial order is appealable." *Basham v. Basham,* 713 A.2d 673, 674 (Pa.Super.1998). However, the following is an accurate, complete statement of the law: "[t]he refusal of a lower court to enter an order holding someone in contempt may be a 'final order,' **but only if** the refusal is tantamount to denying to the party requesting the order relief to which that party has a right **under an earlier final order.**" *Commonwealth v. Guardiani,* 226 Pa.Super. 435, 310 A.2d 422, 424 (1973) (*en banc*) (emphasis added).

■ Examination of the underlying precedent cited in *Basham, supra,* confirms that its statement that an order denying a petition for contempt is *ipso facto* appealable, is incomplete. Rather, such orders are only final when they are en-

tered in relation to a prior final order. *See Davidyan v. Davidyan,* 333 Pa. 465, 3 A.2d 921 (1939) (entertaining appeal from order denying petition for a contempt where petitioner sought to compel compliance with earlier final decree); *Braunschweiger's Estate,* 322 Pa. 394, 185 A. 753 (1936) (reviewing lower court's refusal to issue attachment where fiduciary refused to make distribution mandated by earlier, final decree); *State Grand Lodge of Pennsylvania v. Morrison,* 277 Pa. 41, 120 A. 769 (1923) (noting that orders denying petitions for contempt are immediately appealable only in "certain civil actions" where "denial of this relief necessary to the enforcement of a decree is tantamount to a denial of the decree"); *Guardiani, supra* (quashing appeal because "there is no final order the effectiveness of which has been denied by the order of the court below").

In the instant case, the trial court has never entered any final order. The May 3, 2011 order which Wife alleged that Husband violated is primarily related to discovery matters, and is wholly interlocutory. No final equitable distribution has been ordered, and no divorce decree has been entered. *Cf. MacDougall v. MacDougall,* 49 A.3d 890 (Pa.Super.2012) (reviewing order denying 2009 petition for contempt based upon failure to comply with final equitable distribution order entered in 2004); *Chrysczanavicz v. Chrysczanavicz,* 796 A.2d 366, 367 (Pa.Super.2002) (considering merits of appeal from order denying contempt petition which was based upon father's failure to obtain medical insurance for minor child as required by prior child support order).

Consistent with the precedent of our Supreme Court and this Court, we clarify *Basham, supra,* and specifically hold that an order refusing to find an individual in contempt is appealable only where the re-

spondent failed to comply with a prior final order. Therefore, the portion of the trial court's March 8, 2012 order denying Wife's petition for contempt is interlocutory and not appealable.

Wife also appeals the portion of the March 8, 2012 order that permitted Husband to withdraw $100,000 from the Bank of America accounts as an advance in equitable distribution.

Section 3502(f) of the Domestic Relations Code provides:

(f) Partial distribution. The court, upon the request of either party, may at any stage of the proceedings enter an order providing for an interim partial distribution or assignment of marital property.

23 Pa.C.S. § 3502(f).

Here, the trial court exercised its equitable powers by granting Wife's request to prohibit Husband from accessing marital assets. In recognition of the burden this placed on Husband, the court allowed him to take $100,000 as an advance on equitable distribution.

■ As the trial court correctly points out, absent a final equitable distribution order, issues of equitable distribution are not properly raised on appeal. *Manbeck v. Manbeck*, 339 Pa.Super. 493, 489 A.2d 748 (1985). Accordingly, we will not address Wife's arguments that the trial court abused its discretion or erred as a matter of law in permitting Husband to withdraw $100,000 as an advance on his equitable distribution award.[1]

In her final issue, Wife argues that the trial court erroneously held that Hus-

band's severance pay was not marital property. She states that "[a]lthough the trial judge's ruling was somewhat cryptic, he appeared to adopt the argument of Husband's counsel that the payment was income, not subject to equitable distribution." Brief of Appellant, at 38.

As an initial matter, nowhere in the order on appeal or in the trial court's opinion in support of the order, is there any reference to whether Husband's severance check is a marital asset. We have reviewed the portion of the hearing transcript where Wife asserts that the trial court made its "somewhat cryptic" ruling. N.T. 2/16/12, at 8–15. We cannot discern that the trial court made any determination as to whether the severance was a marital asset, and accordingly, there is no issue for us to review. Even if the trial court had specifically held that the severance pay was marital property, review of that issue would be premature pursuant to *Manbeck, supra.*

Appeal quashed; appellee's Motion to Dismiss is denied as moot.

---

1. On pages 22 and 36 of her brief, when discussing this issue, Wife refers to the trial court showing "blatant favoritism" toward Husband and acting in "collusion" with Husband's counsel. She included similar statements during her oral argument before this Court. We remind Wife's counsel that such scandalous and impertinent allegations are inappropriate and cross the line of zealous advocacy. We draw Wife's counsel's attention to Article II of the Code of Civility (The Lawyer's Duty to the Court and to Other Lawyers).