# Snitow v. Snitow

60

*Jason E. Powell*, for plaintiff.

*Howard N. Snitow, Wesley Fenza, James H. Heller* and *Jennifer McHugh*, for defendants.

MCINERNEY, *J.*, September 6, 2013—Sandra Snitow ("plaintiff") appeals from the order entered on April 2, 2013 that denied her second petition for contempt which sought to have her brother Howard Snitow ("defendant") held in contempt for not complying with orders entered on February 18, 2011 and February 9, 2012. The order plaintiff appeals from, however, is interlocutory and not appealable as neither of the orders underlying her petition was a final, prior order. As such, plaintiff's appeal should be quashed. In the event the court does not quash plaintiff's appeal, this court's April 2, 2013 order should be affirmed because plaintiff sought to have defendant held in contempt for failing to do something that was not clearly required by the underlying orders.

## I. BACKGROUND

On December 1, 2010, plaintiff commenced the instant action by filing a complaint and a petition for a preliminary

injunction against defendant and Level Four Partners, L.P. and Level Four Management, Inc. (collectively, the "companies"). In her complaint, plaintiff alleged defendant "engaged in a pattern of fraud, waste, breach of fiduciary duty, and other willful misconduct," which drained and depleted the companies' assets. (Compl. ¶ 1.) Among other relief, plaintiff requested that the court order an accounting of the companies' assets, expenses, and financial transactions. (Compl. p. 28.)

On February 18, 2011, the late Honorable Albert Sheppard, Jr. entered an order directing that a forensic accounting be performed by Morris Schwalb of GPCD Partners, LLC and that defendant "cooperate fully in all respects with the accountant" and "provide Mr. Schwalb with full and complete access to the financial and business records (including bank accounts and tax records) [for the Companies] for the time period between January 1, 2004 and February 14, 2011." (Order, Feb. 18, 2011.) On June 29, 2011, plaintiff filed a petition to hold defendant in contempt for failing to comply with the Judge Sheppard's February 18, 2011 order by not "produc[ing] records and information requested by Mr. Schwalb, despite being given numerous opportunities to do so." (Pl.'s (1st) pet. for contempt ¶ 1.) Therein, plaintiff stated that "[a]lthough as early as May 2, 2011, [Defendant] was given a detailed list of specific documents to produce…, he has [] failed to produce them and has not [] given Mr. Schwalb a commitment for whether and when he will produce them." (Pl.'s (1st) pet. for contempt ¶ 1.)

On February 9, 2012, this court issued an order disposing of plaintiff's petition for contempt. In relevant part, the order provided:

(1) [Defendant] shall fully comply with all of the terms and conditions of [Judge Sheppard's] Order of February 18th, 2011;

(2) Within five (5) days of entry of this Order, [Defendant] shall fully cooperate with the accounting being performed by Morris Schwalb...by providing Mr. Schwalb with access to and/or copies of:

(a) all bank records and bank statements [for the Companies];

(b) any other records or documents which Mr. Schwalb has requested, to date; and

(c) written responses to all requests for information which Mr. Schwalb has made, to date.

(3) Henceforth, [Defendant] shall fully cooperate with the accounting being performed by Mr. Schwalb, by providing Mr. Schwalb with any documents, records, or information which Mr. Schwalb shall request within no more than ten (10) days following receipt of such request.

(Order, Feb. 9, 2012.)

On June 12, 2012, plaintiff filed her second petition to hold defendant in contempt, alleging failure to comply with the February 18, 2011 and February 9, 2012 orders. Therein, plaintiff again stated the petition followed defendant's "continued willful failure to produce records and information requested by Mr. Schwalb, despite being given numerous opportunities to do so." (Pl.'s (2nd) pet. for contempt ¶ 1.) Plaintiff continued:

Almost sixteen (16) months after Judge Sheppard's

initial Order was issued, and four (4) months after this Honorable Court's Order was issued, Mr. Schwalb is still unable to complete his forensic [a]ccounting due to Mr. Snitow's obstruction and willful refusal to provide him with financial, business, and tax records and information ordered by the Court relating to [the Companies].

(Pl.'s (2nd) pet. for contempt ¶ 1.) Plaintiff cited the June 6, 2012 letter from Mr. Schwalb to defendant as the documents and information Mr. Schwalb requested, but defendant failed to provide, and noted Mr. Schwalb had made numerous other written and oral requests for the production of various documents and information between February 9, 2012 and June 6, 2012. (Pl.'s (2nd) pet. for contempt ¶ 5.)

On June 14, 2012, this court issued a rule to show cause, and set a response date of July 3, 2012 and a hearing date of July 24, 2012 for plaintiff's second petition for contempt. In accordance with this court's order, defendant filed a response on July 3, 2012. Therein, defendant stated:

Prior to the date of Morris Schwalb's June 6, 2012 letter, which was the catalyst for the current Petition for Contempt, the vast majority of the documents requested in that letter had been produced. In fact, they have been in Mr. Schwalb's possession for nearly three months, since March 15, 2012. Mr. Snitow has made a number of productions to Mr. Schwalb, consisting of boxes and boxes of records. Apparently, despite billing hundreds of hours, Mr. Schwalb has not been able to locate and/or understand the significance of a number of the documents he believes he needs to finalize his accounting. In this regard, Mr. Snitow has offered to

go to Mr. Schwalb's office and identify the documents referenced in the June 6 letter.

Contrary to Mr. Schwalb's letter and contrary to the Motion for sanctions, Mr. Snitow has not failed to cooperate with Mr. Schwalb, nor is he in violation of any Court Order.

\*\*\*

As a result of the foregoing, there was no basis for Mr. Schwalb's June 6 letter, no basis for Plaintiff's Petition, and no sanctions are warranted. Plaintiffs Petition should be denied.

(Def.'s answer to pl.'s (2nd) pet. for contempt pp. 1-2.)

The hearing was continued to August 3, 2012, at which time some aspects of the petition were disposed of and the conclusion of the hearing on plaintiff's second petition for contempt was scheduled for September 10, 2012. For various reasons, the conclusion of the hearing was rescheduled a number of times, ultimately being held on April 1st through April 2nd, 2013.

On March 8, 2013, prior to the conclusion of the hearing, plaintiff filed a reply to defendant's answer addressing the remaining aspects of plaintiff's second petition for contempt. Therein, plaintiff averred defendant "dwells upon the rubric that he does not keep records other than bank statements [and,] [t]herefore, he is not in contempt for failing to produce records because he does not have records." (Pl.'s reply p. 2.) Plaintiff, however, in turn argued: "Mr. Snitow should have provided, at a minimum, the following records. \*\*\* If he did not have records in the ordinary course of business at that time, he certainly had and has the information with which to prepare the

following:… (e) Federal, state and, if appropriate, City of Philadelphia tax returns….." (Pl.'s reply ¶¶ 2-3.) To support her argument, plaintiff cited to a letter from GPCD Partners, LLC to this court as follows:

[Defendant] stated to the court that the accounting records consisted mainly of the bank statements. This is not an accepted method for recording accounting transactions; however, we worked under that premise. Upon our request for tax returns, we were informed that except for the personal return for Mildred and Melvel Snitow (the parents) for year 2004 there were no tax returns that had been completed. Additionally, we were informed there were no financial statements for either [of the Companies]. This had a negative effect on the audit, in that we were unable to compare our information with any reference points.

(Pl.'s Reply p. 3.)

Following the conclusion of the hearing, plaintiff also submitted a "Hearing Memorandum of Law in Support of Plaintiff's Second Petition for Contempt." In this memorandum, plaintiff argued the evidence presented at the contempt hearing or April 1st and April 2nd, 2013 was sufficient to hold defendant in contempt for violating the February 18, 2011 and February 9, 2012 orders. Specifically, plaintiff pointed to the fact that Mr. Schwalb testified that defendant did not supply him with tax returns for the companies for years 2004 through 2010. (Pl.'s hearing mem. p. 3.) And regarding defendant's argument that he was not in contempt because he had not prepared tax returns to have given to the forensic accountant, plaintiff contended:

Counsel for [Defendant] continues to plead that he

is not in contempt because he just does not have any tax returns. Not only is this argument ludicrous, but it insults the intelligence of this tribunal. Counsel's pleas should fall on deaf ears because Judge Sheppard in 2011, restated by this [c]ourt in 2012, ordered a forensic accounting and specifically ordered that Defendant produce tax records in order to accomplish that precisely defined objective to wit:... it is Ordered as follows: (1) a forensic accounting shall be performed of the financial and business records, including bank accounts and tax records, of [the Companies] with respect to their financial affairs and transactions between January 1, 2004 and February 14, 2011." There is nothing vague or ambiguous about the Court Order. For example, the order might have read "including bank accounts and tax records if available". Had the order been so written, [Defendant] would not have been in contempt based on applicable case law.

(Pl.'s hearing mem. pp. 2-3.)

By order dated April 2, 2013 and docketed April 3, 2013, this court denied the remaining aspects of the petition, making no further finding of contempt. In that order, this court noted that the order or orders forming the basis for civil contempt must be strictly construed and any ambiguity construed in favor of the respondent, citing *C.R. v. Travelers*, 626 A.2d 588 (Pa. Super. Ct. 1993). This court then found "[i]n terms of contempt for violating the February 18th, 2011 and/or the February 9th, 2012 order(s), the issue of not preparing tax returns fell within the ambit of the rule that '[a]ny ambiguity or omission in the order forming the basis for the civil contempt proceeding must be construed in favor of the [respondent].' *C.R., supra*." (Order, Apr. 2, 2013.) This court then concluded a finding

of contempt on this issue would not have been appropriate in this case "as it was at best ambiguous whether either order required [Defendant] to prepare tax returns for the forensic accountant." (Order, Apr. 2, 2013.)

On May 1, 2013, plaintiff filed a motion for reconsideration of the April 2nd order. Therein, plaintiff argued because the prior orders commanded defendant to fully cooperate with Mr. Schwalb and provide him with full and complete access to the companies' financial and business records for the time in question, defendant was in contempt for failing to prepare and then provide Mr. Schwalb with the "specific tax returns, spelled out by form number and years[,]" that he requested by letters dated May 2, 2011 and May 31, 2011. (Pl.'s mot. for recons. pp. 2-3.) By order dated May 2, 2013, this court denied plaintiff's motion for reconsideration.

On May 3, 2013, plaintiff filed a notice of appeal from the April 2nd order. This court ordered plaintiff to file a Pa. R. App. P. 1925(b) statement and plaintiff timely complied, making the following complaints of error:

1. The trial court incorrectly construed its own orders entered on February 18, 2011 and February 9, 2012, in that:

a) The order entered on February 18, 2011 required that Howard Snitow "*shall* cooperate *fully* in *all respects* with the accountant, Morris Schwalb, appointed by the court to perform the forensic accounting" (emphasis added); and

The uncontroverted evidence was that defendant failed to fully cooperate with Mr. Schwalb.

b) The Order entered on February 18, 2011 required

that defendant "shall provide Mr. Schwalb with *full and complete* access to the financial and business records (including bank accounts and tax records) of the Partnership and the Corporation [referring to Level Four Partners, L.P. and Level Four Management, Inc.] with respect to their financial affairs and transactions between January 1, 2004 and February 14, 2011" (emphasis added), but defendant continued to withhold access to his financial and business records from Mr. Schwalb.

Defendant continued to withhold those records. As a result of his non-compliance, plaintiff filed a petition for contempt that resulted in a second order requiring compliance with the first order. Defendant refused to produce tax records despite having the information with which to prepare those records;

c) The Order entered on February 9, 2012 required that "(2) within five (5) days of entry of this Order, Respondent Howard N. Snitow shall fully cooperate with the accounting being performed by Morris Schwalb, CFE, CFF, CPA, by providing Mr. Schwalb with access to and/or copies of:… (b) any other records or documents which Mr. Schwalb has requested to date; and (c) written responses to all requests for information which Mr. Schwalb has made, to date.", and (3) "Henceforth, Respondent Howard N. Snitow shall fully cooperate with the accounting being performed by Mr. Schwalb, by providing Mr. Schwalb with any documents, records, or information which Mr. Schwalb shall request within no more than ten (10) days following receipt of such requests.;"

d) Plaintiff filed a second contempt petition in June

2012. The petition was not heard until April 1, 2013, when it was denied; and

e) The trial court incorrectly equated "tax records" with "tax returns," finding that defendant was not in contempt of the February 18, 2011 order because he did not prepare any tax returns.

The overwhelming weight of the evidence was that defendant failed to comply with requirements of Paragraphs (2)(b) (c) and (3), despite having the ability to comply.

2. The trial court erroneously concluded that defendant was not in contempt of its foregoing orders despite clear and convincing evidence to the contrary.

3. The trial judge abused her discretion by failing to enforce the foregoing orders.

(Pl.'s 1925(b) statement ¶¶ 1-3 (emphasis original).)

## II. DISCUSSION

A. Plaintiff's appeal should be quashed because the April 2, 2013 order denying her petition for contempt is interlocutory and not immediately appealable.

In the order directing plaintiff to file a 1925(b) statement, this court also noted its opinion that the order at issue was "not a final order for appeal purposes and the instant appeal should either be withdrawn or quashed." (Order, May 6, 2013.) Plaintiff, however, citing *Chrysczanavicz v. Chrysczanavicz*, 796 A.2d 366, 367 n.1 (Pa. Super. Ct. 2002), which stated "[a]n order denying a petition for contempt is appealable[,]" argued in her 1925(b) statement that:

> An order denying a petition for civil contempt is appealable, and should be appealable, where the effect of denial of the petition is to obstruct plaintiff's-petitioner's proofs of defendant's-respondent's illegal conduct. Postponing appellate review until final judgment or decree is not a remedy since the information to be gathered by enforcing the injunctive orders is evidence needed to render a final judgment or decree.

(Pl.'s 1925(b) statement ¶ 4 (footnote omitted).)

"Generally, a party can appeal only after entry of a final order...." *Gormley v. Edgar*, 995 A.2d 1197, 1200 (Pa. Super. Ct. 2010). In terms of immediate appealability, while plaintiff is correct that that the Superior Court has stated "[a]n order denying a petition for contempt is appealable[,]" *Chrysczanavicz*, 796 A.2d at 367 n.1, "the following is an accurate, complete statement of the law: '[t]he refusal of a lower court to enter an order holding someone in contempt may be a 'final order,' [and immediately appealable,] but only if the refusal is tantamount to denying to the party requesting the order relief to which that party has a right *under an earlier final order*.'" *Schultz v. Schultz*, 2013 PA Super 139, *2 (Pa. Super. Ct. 2013), quoting *Commonwealth v. Guardiani*, 310 A.2d 422, 424 (pa. Super. Ct. 1973) (en banc) (emphasis removed, emphasis added).

By definition, a final order is an order that (1) disposes of all claims and all parties, (2) is expressly defined as a final order by statute, or (3) is certified by the trial court as one the immediate appeal of which would facilitate resolution of the entire case. *See* Pa. R.A.P. 341(b). *See also Schultz*, 2013 PA Super 139 at *2. In this case, neither the February 18, 2011 order nor the February 9, 2012 order

was a final order under any of the three definitions listed above. Rather, in relevant part, the orders merely directed that an accounting be performed and that defendant cooperate with the accounting by providing the accountant with records, documents, and information, which is all interlocutory in nature. *See, e.g., Sanders v. Seay*, 447 A.2d 998, 999 (Pa. Super. Ct. 1982) (stating that "[a]n order directing an accounting is interlocutory in nature.") Thus, as the prior orders were not final orders, the April 2, 2013 order denying plaintiff's petition for contempt is not a final order or immediately appealable.

In *Schultz*, the Superior Court recently clarified its prior precedent and specifically held that "an order refusing to find an individual in contempt is appealable only where the respondent failed to comply with a prior final order." 2013 PA Super 139 at *3. In that case, the wife appealed from an order denying a petition to hold her husband in contempt of a prior court order regarding marital property. *Id.* at * 1. The prior order included the following provisions:

1. From herein forward, neither party shall withdraw, transfer, dissipate, conceal, sell, remove, encumber, and/or dispose of any of the parties' marital artwork…;

2. [Husband] shall be required to account for all artworks including the number, location, value and proceeds received for the sale thereof, if applicable, within thirty (30) days of the Order;

\*\*\*

5. [Husband] shall be required to account for his severance check and bonus from Teva Pharmaceuticals dated [on] or around Dec. 4, 2010, in the amount of $315,000, which shall include but not be limited to

providing any and all bank statements which trace the proceeds from their deposit into his...Bank Account... up to the present within thirty (30) days of this Order; [and]

6. [Husband] shall be required to account for the proceeds from the sale of the premises located at 310 Broad Street in Bethlehem, Pennsylvania, which shall include but not be limited to providing any and all bank statements which trace the proceeds from their receipt upon the sale of the property to the present within thirty (30) days of this Order[.]

*Id.* at *1.

On appeal, the wife argued the lower court erred in failing to find the husband in contempt of the prior order "by ignoring uncontradicted evidence that [the husband] had willfully violated that order" by failing to account for: the proceeds from the severance and bonus pay; the proceeds from the sale of the Bethlehem real estate; and the artwork both in his possession and that which he had dissipated, transferred, concealed, removed, disposed of, and/or encumbered. *Id.* at *2. The wife also argued the Superior Court had jurisdiction, citing *Bashman v. Bashman*, 713 A.2d 673 (Pa. Super. Ct. 1998) for the proposition "that an order refusing to hold a party in contempt for violating a prior order is immediately appealable." *Schultz*, 2013 PA Super 139 at *2.

In quashing the appeal, the court in *Schultz* examined the precedent underlying the statement in *Bashman* that "an order denying a petition for contempt is *ipso facto* appealable" and found this statement to be incomplete. *Schultz*, 2013 PA Super 139 at *2. Rather, the court found such orders are only final and immediately appealable

"when they are entered in relation to a prior final order." *Id.* at *3. The court then proceeded to examine the underlying order which the wife alleged the husband violated and found it to be "primarily related to discovery matters, and…wholly interlocutory." *Id.* As such, the court also found the order denying the wife's petition for contempt to be interlocutory and not immediately appealable, but not before clarifying *Bashman* and specifically holding that "an order refusing to find an individual in contempt is appealable only where the respondent failed to comply with a prior final order." *Id.*

In this case, plaintiff cited *Chrysczanavicz* for the proposition that an order denying a petition for contempt is immediately appealable. (*See* Pl.'s 1925(b) statement ¶ 4 n.1.) *Chrysczanavicz* had cited *Bashman*. *Schultz*, however, clarified *Bashman* in that such orders are only immediately appealable when they are entered in relation to a prior final order. But here, neither the February 18, 2011 order nor the February 9, 2012 order was a final order. As such, the April 2, 2013 order denying plaintiff's petition for contempt is interlocutory and not immediately appealable.

Plaintiff further argues the order should be appealable because "the effect of denial of the petition [was] to obstruct plaintiff's-petitioner's proofs of defendant's-respondent's illegal conduct" and "the information to be gathered by enforcing the [underlying orders] is evidence needed to render a final judgment or decree." (Pl.'s 1925(b) statement ¶ 4.) As far as this court can discern, plaintiff is arguing that by not preparing and then providing the forensic accountant with the tax returns, etc. he had requested, defendant made the forensic accountant's job harder, which in turn makes it harder for plaintiff to

make her case against defendant. (*See, e.g.,* Pl.'s 1925(b) statement ¶ 1(b) (stating "Defendant refused to produce tax records despite having the information with which to prepare those records" and "the effect of denial of the petition [was] to obstruct plaintiff's-petitioner's proofs of defendant's-respondent's illegal conduct[.]".)

Plaintiff is essentially equating defendant's inactions with a failure to produce discovery or failure to comply with a discovery request. However, as stated in *Schultz,* orders relating to discovery matters, like orders directing an accounting, are wholly interlocutory. *See Schultz,* 2013 PA Super 139, *3 (stating an order primarily related to discovery matters was wholly interlocutory), *Rhodes v. USAA Cas. Ins. Co.,* 21 A.3d 1253, 1258 (Pa. Super. Ct. 2011) (concluding that discovery orders by and large are "not final, and are therefore unappealable."), and *Sanders v. Seay,* 447 A.2d 998, 999 (Pa. Super. Ct. 1982) (stating that "[a]n order directing an accounting is interlocutory in nature.") In sum, because neither the February 18, 2011 order nor the February 9, 2012 order was a final order, the April 2, 2013 order denying, plaintiff's petition for contempt is interlocutory and not immediately appealable, and plaintiff's appeal should be quashed.

C. In the event the court does not quash plaintiff's appeal, the April 2, 2013 order should be affirmed because there was no abuse of discretion in denying plaintiff's second petition for contempt because she sought to have defendant held in contempt for failing to do something that was not clearly required by a previous order.

Essentially, plaintiff complains this court abused its discretion by not holding defendant in contempt for failing to prepare tax returns for certain years (2004 through 2010 or 11) and then turn over those tax returns to the forensic

accountant because the forensic accountant had asked for those returns. (*See* Pl's 1925(b) statement ¶¶ 1-3.) Plaintiff argues failing to prepare and then turn over the returns was in clear violation of:

(1) the provisions of the February 18, 2011 order that required defendant to:

• "cooperate fully in all respects with the accountant" and

• "provide Mr. Schwalb with full and complete access to the financial and business records (including bank accounts and tax records) [for the Companies] for the time period between January 1, 2004 and February 14, 2011" and

(2) the provisions of the February 9, 2012 order that required defendant to:

• "cooperate with the accounting…by providing Mr. Schwalb with access to and/or copies of…any other records or documents which Mr. Schwalb has requested to date [and] written responses to all requests for information which Mr. Schwalb has made, to date[,]" within five (5) days of entry of the order and

• "cooperate with the accounting…by providing Mr. Schwalb with any documents, records, or information which Mr. Schwalb shall request within no more than ten (10) days following receipt of such requests."

(Pl.'s 1925(b) statement ¶¶ 1-2.)

"Each court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs." *Ricci v. Geary*,

670 A.2d 190, 191 (pa. Super. Ct. 1996)(quotations omitted). An abuse of discretion occurs when the court "misapplies the law or exercises its discretion in a manner lacking reason." *Childress v. Bogosian*, 12 A.3d 448,465 (Pa. Super. Ct. 2011).

> The objective of a civil contempt proceeding is remedial and judicial sanctions are employed to coerce the defendant into compliance with the court's order.... In civil contempt cases, the complaining party has the burden of proving noncompliance with the court order by a preponderance of the evidence. To be punished for civil contempt, a party must have violated a court order. The order that forms the basis for the contempt process in civil proceedings must be definitely and strictly construed. Any ambiguity or omission in the order forming the basis for the civil contempt proceeding must be construed in favor of the [respondent]. Where the order is contradictory or the specific terms of the order have not been violated, there is no contempt.

*C.R. v. Travelers*, 626 A.2d 588,592 (Pa. Super. Ct. 1993) (citations omitted).

In this case, plaintiff's arguments, while creative, do not comport with the requirement that any ambiguity or omission in the order forming the basis for the civil contempt proceeding must be construed in favor of the respondent as it is anything but clear that either order required defendant to prepare and then turn over otherwise unprepared tax returns just because the forensic accountant asked for them. In addition to not comporting with specific terms used in the orders (for example, the language calling on defendant to provide the accountant with access to or copies of records and documents clearly

suggests the records and documents already existed and, therefore, could presently be accessed or copied), plaintiff's reading of the orders also does not comport with other language used therein, including the time frames given in the February 9, 2012 order for defendant to comply with the forensic accountant's requests that clearly suggest the records and documents already existed and just needed to be turned over.

The February 9th order gave defendant five or ten days to provide the forensic accountant with the records and documents he requested, depending on whether it was an existing request or a new request. The tax returns plaintiff complains about have since been prepared by a public accountant and filed.[1] (*See* attach. 1.) It took the public accountant over two months to complete the time consuming work. (*See* attach. 2 and Attach 3 (invoice for work performed between June 14, 2013 and July 30, 2013 omitted).) In this court's opinion, it is unreasonable to read the order as requiring defendant to have the same work done in five or ten days or be held in contempt.

In sum, as this court stated in its April2, 2013 order, the issue of not preparing tax returns fell within the ambit of the rule that any ambiguity or omission in the order forming the basis for the civil contempt must be construed in favor of defendant. In not preparing and then turning over otherwise unprepared tax returns, defendant did not violate any specific term of the February 18, 2011 or February 9,

---

1. This is an additional basis for quashing the appeal as even if the orders had required defendant to prepare tax returns because the forensic accountant had asked for them, defendant has now complied, and the issue is now moot. *See generally CR. v. Travelers*, 626 A.2d at 592 (stating "[t]he objective of a civil contempt proceeding is remedial and judicial sanctions are employed to coerce the defendant into compliance with the court's order....").

2012 order, and it was at best ambiguous whether either order required defendant to do so. Accordingly, a finding of contempt on the issue would have been inappropriate; there was no abuse of discretion; and this court's April 2, 2013 order should be affirmed.[2]

2. While this court does not condone defendant untimely filing tax returns for the years in question, and acknowledges the returns (and the late filing) may be relevant for plaintiff in her underlying case against defendant, it was not contemptible behavior in the legal sense.