J-S12031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 195 EDA 2022 |

Appeal from the Order Entered December 27, 2021
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s):  CP-46-DP-0000107-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: K.W.-R.., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 196 EDA 2022 |

Appeal from the Order Entered December 27, 2021
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s):  CP-46-DP-0000108-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 29, 2022**

Appellant, J.R. ("Mother"), appeals from the December 27, 2021 Orders[1] entered in the Montgomery County Court of Common Pleas that denied the Petition for Contempt filed by the Montgomery County Office of Children and

---

[1] The orders are dated December 23, 2021, but appear on the docket December 27, 2021.

Youth ("the Agency") and, *inter alia*, reordered supervised visitation between her children, eight-year-old N.D. and two-year-old K.W.-R. (collectively, the "Children"). Upon review, we dismiss this appeal because Mother's argument is substantially underdeveloped.

A detailed procedural and factual history is unnecessary to our review. Briefly, in May 2021 the Agency obtained emergency custody of the Children after Mother was incarcerated and Mother's friend was no longer able to care for the Children. While in foster care, N.D. disclosed that Mother physically abused him. On June 8, 2021, the trial court adjudicated N.D. dependent and ordered N.D. to remain in foster care. The court dismissed the Agency's initial dependency petition regarding K.W.-R. and returned her to the care of Mother.

Upon further investigation, the Agency filed a second dependency petition regarding K.W.-R. and commenced an adjudicatory hearing on August 6, 2021. The parties were unable to conclude the hearing that day, and the court scheduled a second hearing date on August 20, 2021. However, in the interim, the court ordered Mother to make K.W.-R. available for supervised visitations with N.D., and the court prohibited Mother from participating in these visits. Order, dated 8/6/21. Mother filed a Motion for Reconsideration, which the trial court denied. Mother timely appealed. This Court quashed the appeal, concluding that the August 6, 2021 order was neither final nor collateral. ***Interest of K.W.-R.***, No. 1709 EDA 2021 (Pa. Super. filed May 13, 2022) (unpublished memorandum).

On August 20, 2021, the trial court adjudicated K.W.-R. dependent, ordered physical and legal custody to remain with Mother, and ordered Mother to cooperate with Agency services. The court ordered Mother to, *inter alia*, undergo a psychiatric evaluation, arrange for K.W.-R. to be evaluated by the CHOP SCAN team,[2] and cooperate with sibling visitation between K.W.-R. and N.T. for bi-weekly in person visits and weekly virtual visits. Order, dated 8/20/21.

On November 8, 2021, the Agency filed Motions for Contempt of Court as to both Children, alleging that Mother refused to comply with court-ordered sibling visitation and has not complied with the court's order to arrange a CHOP Scan Team evaluation for K.W.-R. On December 8, 2021, the Agency filed a Motion to Appoint Educational Decisionmaker for N.D. On December 9, 2021, the Agency filed a Motion for Finding of Aggravated Circumstances in N.D.'s case. During this time, Mother moved to New Jersey with K.W.-R. and refused to disclose her address to the Agency or her attorney.

On December 14, 2021, the court conducted a permanency review hearing and held hearings on the contempt, educational decisionmaker, and aggravated circumstances motions. The trial court granted the aggravated circumstances motion regarding N.T. and held the motions for contempt and educational decisionmaker in abeyance to give Mother time to comply with the court orders. The court scheduled a hearing for December 23, 2021 to take

---

[2] The CHOP Scan Team identifies whether a child has been the victim of abuse.

additional evidence.  In the interim, the trial court ordered siblings to have an in-person visit between December 20-23, 2021, Mother to schedule an appointment for K.W.-R. with the CHOP Scan team by December 17, 2021, Mother to cooperate with an Agency safety assessment by December 17, 2021, and Mother to cooperate with the New Jersey department of human services once the Agency made a referral.

On December 23, 2021, the trial court held a hearing on the outstanding contempt motions.  At the conclusion of the hearing, the trial court denied the contempt motions and "issued a detailed order containing thirteen (13) numbered paragraphs summarizing the court's most recent directives" on the docket for each child.  Trial Ct. Op., dated 2/7/22, at 11.  Specifically, the identical orders denied the contempt petitions and ordered Mother to submit to a parenting capacity evaluation, cooperate with sibling visitation, have no contact with N.D., cease recording persons without their consent, cooperate with the Agency and service providers, and cooperate with the child protective service agency in New Jersey.  Orders, filed 12/27/21.  The court also retained jurisdiction over the matter, ordered the Agency to submit a referral to the State of New Jersey, scheduled the next permanency review hearing within thirty days, and ordered specific protocols for the Children's appearance at permanency review hearing as well as sibling visitation during the hearing. *Id.*

Mother timely appealed the orders denying the Agency's contempt motions.[3, 4] Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issue for our review: "Whether the trial court's December [27], 2021 order[s] went beyond the scope of relief sought by the movants in the contempt motion and the procedural posture of the case." Mother's Br. at 8 (some capitalization and punctuation omitted). We find Mother's claim of error waived because her argument is substantially underdeveloped.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). *See* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When issues are not properly raised and developed in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). It is not the role of this Court to develop an appellant's

---

[3] This Court *sua sponte* consolidated the appeals for review.

[4] It is well settled that the denial of a civil motion for contempt is an appealable order. *N.A.M. v. M.P.W.*, 168 A.3d 256, 261 (Pa. Super. 2017); *MacDougall v. MacDougall*, 49 A.3d 890, 892 n.2 (Pa. Super. 2012); *Basham v. Basham*, 713 A.2d 673, 674 (Pa. Super. 1998).

argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009).

In her five-sentence argument, Mother fails to identify what, if any, portions of the orders in question are beyond the scope of relief sought in the contempt motions. **See** Mother's Br. at 13-14. Moreover, Mother cites to legal authority to support one legal proposition, but fails to analyze and apply the cited case law to the facts of this case. ***See id.***

Mother's failure to provide any legal framework to develop and support the issue she raises on appeal not only violates our briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. We decline to act as counsel. Accordingly, we dismiss this appeal.

Appeal dismissed.

President Judge Emeritus Bender concurs in result.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2022