**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JULIA V. SPROUL COULIBALY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FABIAN E. CHIN | : | No. 869 EDA 2025 |

Appeal from the Order Entered March 10, 2025
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  12-08600,
PACSES: 193113250

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 16, 2026**

Julia V. Sproul Coulibaly (Mother) appeals from the order, entered in the Philadelphia County Court of Common Pleas, which found that her petition for contempt against Fabian E. Chin (Father) for failing to pay child support was "resolved after a hearing." This order effectively denied her contempt petition. After review, we quash.

This case has a lengthy procedural history.  We discern the following factual and procedural history that is relevant to this appeal from the trial court's Appellate Rule 1925(a) opinion.  Mother and Father share one son, C.S.  Mother initially filed for child support in 2012.  In April 2023, Mother filed a petition for modification, requesting an increase in Father's monthly support obligation.  The hearing officer held two hearings on this petition.

_____

[*] Former Justice specially assigned to the Superior Court.

On January 18, 2024, the hearing officer issued a report and proposed order, which became an interim support order. The interim order granted Mother's modification petition and significantly increased Father's support obligation. Father timely filed exceptions to the interim order.

On November 1, 2024, nine months after Father filed his exceptions, the trial court held a hearing on the exceptions. Mother failed to appear. The trial court granted Father's exceptions and remanded the matter back to the hearing officer for a *de novo* hearing "on the level of support, income/earning capacity of the parties, additional needs, and any other related issues." Trial Court Order, 11/1/24. Thus, although the interim support order remained in place, a final support order was not entered.

On November 4, 2024, Mother filed a *pro se* contempt petition which is the subject of this appeal. The first hearing on the petition was held in December 2024, during which Father made a payment of $500, and the matter was continued for a payment review hearing on March 10, 2025.

In the meantime, the remanded *de novo* hearing before the hearing officer that was initially scheduled for February 20, 2025 was continued to August 6, 2025.

The trial court held a contempt hearing on March 10, 2025, and ultimately determined that Mother failed to prove that Father willfully violated the support order. The court dismissed Mother's petition and credited Father for the $200 voluntary payment he had made before the hearing. The court also admonished Father for his lack of regular payments and reiterated that

he was required to pay his obligation in good faith. An order reflecting the court's decision was entered on March 10, 2025.

Mother timely filed this appeal. She raises the following six issues for our review:

> 1. Did the trial court err in granting Father's Exception without identifying any legal or factual error in the Support Hearing Officer's (SHO) January 18, 2024 Order, in violation of Pa.R.C.P. 1910.12(h)?
>
> 2. Did the trial court abuse its discretion by denying enforcement of $16,999 in support arrears despite Father's proven ability to pay, in violation of 23 Pa.C.S.A. § 4345?
>
> 3. Did the trial court violate Mother's due process rights through judicial misconduct, including prejudgment, denial of evidence, ex parte influence, and procedural irregularities?
>
> 4. Was the trial court's pattern of improper cancellations, failure to provide written notice, and reliance on undocumented testimony prejudicial to Mother's case?
>
> 5. Did the Superior Court err in quashing Mother's enforcement appeal by misclassifying it as a modification request rather than a final appealable denial of enforcement?
>
> 6. Was it improper for Judge Johnson to refuse contempt based on the false claim that there was no final order, despite the SHO's findings being valid and unchallenged?

Mother's Brief at 28-29 (references to the parties altered).

Before addressing Mother's appellate issues, we must first determine whether they are properly before us. The trial court requests that we dismiss Mother's appeal as interlocutory. Trial Court Opinion, 6/4/25, at 10. It cites

authority for the proposition that an order denying contempt is not appealable if the order underlying the contempt petition was not final. *See id.* at 10-11 (citing *Schultz v. Schultz*, 70 A.3d 826 (Pa. Super. 2013)). The court states that no final order has been entered adjudicating Mother's underlying modification petition. *Id.* at 11. The running child support obligation underlying Mother's contempt petition is the January 18, 2024 interim order. *Id.* However, the court's November 1, 2024 order granted Father's exceptions and remanded the matter for a *de novo* hearing but kept the interim order in place. *Id.* Accordingly, the order underlying Mother's contempt petition is not a final order, and the court requests that we dismiss her appeal as interlocutory. *Id.*

Because the trial court relies on *Schultz* for its argument that we should quash Mother's appeal, a closer analysis of that case is warranted. In *Schultz*, the wife appealed from an order denying her petition to hold the husband in contempt of a court order regarding marital property. *Schultz*, 70 A.3d at 826. The wife had filed a motion for special relief to prevent dissipation of marital assets, which resulted in a court order with various provisions regarding the parties' assets. *Id.* at 826-27. Later, the wife filed a motion seeking to hold the husband in contempt for violating the court order. *Id.* at 827. Ultimately, the trial court issued an order denying the wife's motion for contempt. *Id.* The wife appealed.

This Court determined that the trial court's order denying contempt was not a final order. *Id.* at 828. We stated that "the following is an accurate,

complete statement of the law: '[t]he refusal of a lower court to enter an order holding someone in contempt may be a 'final order,' **but only if** the refusal is tantamount to denying the party requesting the order relief to which that party has a right **under an earlier final order**.'" **Id.** at 828 (citation omitted) (some emphasis in original). This Court clarified that an order denying a petition for contempt is final only if it is entered in relation to a prior final order. **See id.** (citation omitted).

We then explained that the trial court in **Schultz** had never entered any final order. **Id.** The order that the wife alleged the husband violated was primarily related to discovery matters and was wholly interlocutory. **Id.** No final equitable distribution had been ordered, and no divorce decree had been entered. **Id.** (citations omitted). This Court specifically held "that an order refusing to find an individual in contempt is appealable only where the respondent failed to comply with a prior final order." **Id.** at 828-29. Thus, the portion of the trial court's order denying the wife's petition for contempt was interlocutory and not appealable, and this Court quashed her appeal. **Id.** at 829.

Although the order in **Shultz** did not relate to child support, its holding is still applicable and binding in this case. Mother's contempt petition was based on the January 18, 2024 interim support order, which was not a final

order.[1]  The interim support order, although still in effect, was not yet final because Father's exceptions had been granted and the matter remanded, as explained above.  A new final support order had not been entered at the time of Mother's contempt petition or the contempt hearing.  Thus, pursuant to **Schultz**, the trial court's order, which effectively denied Mother's contempt petition, is interlocutory and not appealable because the underlying support order was not final.  **See id.** at 828-29.  Because the trial court's order is interlocutory, Mother must wait and appeal the court's contempt decision until after a final support order is entered.[2]  Requiring the parties to wait to appeal an interlocutory order avoids piecemeal litigation, as either party may elect to appeal the final support order, and the contempt appeal can be heard at the same time.

Appeal quashed.  Jurisdiction relinquished.

_____

[1] We note that Mother's contempt petition incorrectly listed the date of the support order as January 4, 2013.  However, Mother listed the amount of support as $586.92 per month plus $58.62 per month in arrears.  These amounts match the January 18, 2024 interim support order.

[2] We clarify that our decision to quash Mother's appeal because it is interlocutory has no bearing on Father's obligation to pay child support.  Even though the support order was interim and not final, Father is still obligated to make timely support payments pursuant to that order.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/16/2026