J-S96029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| M.G. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| S.J. | |
| Appellant | No. 1182 WDA 2016 |

Appeal from the Order July 13, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): FD-07-009307-004

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 30, 2017**

S.J. ("Father") appeals *pro se* from the July 13, 2016 order denying his petition for contempt and awarding M.G. ("Mother") $1,000 in attorneys' fees that she incurred defending herself from the unjustified petition.[1]  We affirm.

Mother and Father married on February 5, 1994, separated in 2007, and divorced on April 13, 2010.  This custody litigation has a long and

_____

[1]  The appeal is properly before this Court.  An order denying a petition for contempt of a prior final order is appealable.  **Cf. Schultz v. Schultz**, 70 A.3d 826, 828 (Pa.Super. 2013) (order refusing to find husband in contempt of interlocutory order regarding marital property was not appealable because equitable distribution and divorce remained unresolved).  Instantly, Father claims that Mother violated certain provisions of the final custody order entered on January 21, 2016.  Hence, the order denying the petition for contempt is appealable.

tedious history, and Father's unsuccessful appeals to this Court are myriad. Pursuant to the most recent custody order entered on January 21, 2016, Mother maintains sole legal custody and primary physical custody of the parties' now-sixteen-year-old daughter, Su.J. Father exercises periods of partial custody. As it relates to this appeal, Mother's legal custody was subject to certain limitations, including seeking Husband's input on educational matters and when scheduling extracurricular activities. However, if an agreement could not be reached, Mother retained sole authority over those decisions.

The pertinent facts follow. During summer 2016, Mother desired to send Su.J. to summer enrichment programs at Cornell University and Brown University. Mindful of Father's litigiousness, Mother filed a petition for special relief seeking the trial court's express authorization to enroll Su.J. in the programs notwithstanding her legal authority to act unilaterally. The petition stated that Mother reached out to Father, and that while he did not object to his daughter's participation in either program, he refused to contribute to the cost of attendance. Mother's petition also requested permission to take Su.J. on a five-day college tour during Spring 2017.

Father responded to the petition by objecting to both of Mother's entreaties and leveling allegations of contempt based upon Mother's alleged use of Su.J. as an intermediary, failing to address him with respect, and neglecting to utilize the Our Family Wizard communication and scheduling

system as required by the January 21, 2016 custody order. On June 9, 2016, the trial court granted all three aspects of Mother's requests for relief, summarily rejected Father's assertions of contempt, and concluded that the programs' expenses would be paid consistent with the extracurricular-activity provision in the governing child support order. The court denied Father's ensuring "Emergency petition for reconsideration," which leveled additional allegations of contempt.

Undaunted by the Court's prior renunciation of his contempt allegations, on July 18, 2016, Father filed yet another contempt petition against Mother. That petition, which is the genesis of the instant appeal, assailed Mother for, *inter alia*, traveling to Deep Creek, Maryland with Su.J. on an undisclosed date, continuing to use the child as an intermediary, and misleading the court about the child's desire to attend the summer enrichment programs. Mother countered with a request for legal fees. On July 13, 2016, the trial court denied the petition and awarded Mother $1,000 for attorney fees. This timely appeal followed.

Father raised six prolix claims for review, which we restate as three succinct issues: (1) Whether the trial court committed an abuse of discretion in denying Father's petition for contempt and in finding that the summer enrichment programs were educational activities subject to Mother's decision when the record demonstrates that Mother lied to the court about the relevant custody arrangements and misstated Su.J.'s desire to attend

summer camp; (2) Whether the trial court abused its discretion in awarding attorneys' fees based upon Father's obdurate and vexatious behavior; and (3) Whether the trial court's decision is the product of partiality, bias, and ill will. *See* Father's brief at 3-4.

We review an order denying a petition for civil contempt for an abuse of discretion. *Harcar v. Harcar*, 982 A.2d 1230, 1234 (Pa.Super. 2009). An abuse of discretion is tantamount to a misapplication of law or an unreasonable exercise of judgment. *Id*. As we have explained, "[w]hen reviewing an appeal from a contempt order, the [appellate] court must place great reliance upon the discretion of the trial judge. *Id*. at 1235 (quoting *Garr v. Peters*, 773 A.2d 183, 189 (Pa.Super. 2001)).

In relation to Father's specific allegations of contempt regarding Mother's failure to comply with the January 21, 2016 custody order, the petitioning party has the burden of proving noncompliance by a preponderance of the evidence. *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa.Super. 2012). Accordingly, herein, Father had the burden of proving that: (1) Mother had notice of the specific order or decree that she is alleged to have disobeyed; (2) her violation was volitional; and (3) she acted with wrongful intent. *See Harcar*, *supra* at 1234.

Concerning Father's assertions that the court erred in accepting Mother's testimony when it was rife with lies, we observe, "this Court defers to the credibility determinations of the trial court with regard to the

witnesses who appeared before it, as that court has had the opportunity to observe their demeanor." ***Garr***, ***supra*** at 189. As long as the certified record supports the trial court's credibility determination, we will not disturb it. ***Harcar***, ***supra*** at 1236.

Father's second issue challenges the assessment of counsel fees. The Child Custody Law provides, "a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith." 23 Pa.C.S. § 5339. Similar to our examination of Husband's first set of issues, we will not alter an award of counsel fees absent an abuse of discretion. ***See A.L.-S. v. B.S.***, 117 A.3d 352, 361 (Pa.Super. 2015). In this context, "[a] trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law." ***Id***.

Finally, in relation to Father's claim that the trial court demonstrated bias, partiality, and ill-will, we previously reiterated in ***In re S.H.***, 879 A.2d 802, 808 (Pa.Super. 2005), that a mere adverse ruling, without more, does not demonstrate bias. Likewise, as noted, *supra*, credibility determinations are within the purview of the trial court as the ultimate arbiter of fact. Thus, the fact that the trial court credited Mother's testimony over Father's is not competent evidence of partiality, bias, or impropriety. ***See Garr***, ***supra*** at 189; ***Harcar***, ***supra*** at 1236.

After a thorough review of the certified record, the parties' briefs, and the pertinent law, and following our examination of the Pa.R.A.P. 1925(a) opinion that Judge Kathryn Hans-Greco entered on September 12, 2016, we find that the trial court ably discussed the issues that Father asserted in this appeal and adopt her reasoning as our own. Specifically, for the reasons cogently explained in the trial court opinion, we conclude that the certified record does not support Father's allegations of contempt or his several assertions that Mother lied to the court. Likewise, we agree with the trial court's conclusion that counsel fees were warranted in light of Father's persistent and repetitive iterations of patently frivolous grievances. We see no evidence of trial court partiality, bias, or ill will.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2017

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

M.G. (formerly M.J.),                                    :
                                                        :
                    Plaintiff,                          :        SEALED OPINION
                                                        :
            v.                                          :        No.: FD-07-09307-004
                                                        :        1182 WDA 2016
                                                        :
S.J.,                                                   :
                                                        :
                    Defendant.                          :
                                                        :        BY:
                                                        :


Honorable Kathryn Hens-Greco
440 Ross Street
Suite 5077
Pittsburgh, PA 15219


COPIES TO:

Counsel for Plaintiff:

Mark B. Morrow, Esquire
429 Forbes Avenue, Suite 909
Pittsburgh, PA 15219 - 1604


*Pro Se* Defendant:

S. J.
1605 Blackburn Heights Drive
Sewickley, PA 15143

FILED
16 SEP 12 PM 1:31
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

M.G. (formerly M.J.),                    :
                                         :
                    Plaintiff,           :          No.: FD-07-09307-004
                                         :          1182 WDA 2016
          v.                             :
                                         :
                                         :
S.J.,                                    :
                                         :
                    Defendant.           :

OPINION

HENS-GRECO, J.                                              September 12, 2016

In this matter, S.J. ("Father"), *pro se*, appeals this Court's Orders of July 13, 2016, which

denied his request for a hearing on his contempt petition, but granted the request of M.G.

("Mother") for an award of attorney fees in the amount of $1,000.00 (One Thousand Dollars)

upon finding Father's petition to constitute obdurate and vexatious behavior. Father appeals.

## I.    PROCEDURAL POSTURE

The parties are parents to 15-year-old daughter Su.J.; the parties older son has long since

reached majority age. Custody litigation has been regular since this case's inception in 2007. A

cursory review of the docket reveals approximately 20 appellant cases before the Superior Court,

all but a few of them belonging to Father. He has never appealed successfully. At times, his

conduct has been so hostile that he has been sanctioned by this Court and by the Superior Court.

His animosity toward Mother was part of the reason this Court awarded Mother sole legal

custody in 2013, where recent history begins. *See* Order of Court, dated March 24, 2014. Father

unsuccessfully appealed this award. *See* 637 WDA 2014.

1

In December 2015, this Court held another custody trial, this time on Father's petition for modification. But Father refused to participate in the trial. A custody order was entered on December 17, 2015. This Court entered clarification orders on January 21, 2016. Father appealed this Court's custody orders. *See* 64 WDA 2016. This Court opined that Father's appeal should be quashed given Father's defective notice of appeal and his failure to preserve the issues. *See* this Court's Statement in Lieu of Opinion, docketed February 11, 2016. To date, the Superior Court has not ruled.

But regardless of how the Superior Court ultimately rules, matters of legal custody have remained unchanged since 2014. That is, whether the ultimate custody will be this Court's Order of December 17, 2015 (as clarified by the order of January 21, 2016) the fact remains the same that Mother has sole decision-making authority in matters regarding the child's educational and extracurricular activity. *See* Final Custody Order of Court, dated January 21, 2016, at Section I, Paragraph 2(b) ("If the parties cannot agree, Mother will have the sole authority to decide whether to enroll [the child] in the (extracurricular) activity"); at Section I, Paragraph 3(a) ("In the event the parents cannot agree, Mother will have the sole authority for making educational decisions for [the child.]"); *see also Id.*, at 1. The Court "adopts the legal custody orders as outlined in the order of March 24, 2014 and as outlined in the second paragraph of the order of June 26, 2014 (relating to medical decisions). They are reiterated below, verbatim."

Fast forward to Summer 2016. Mother brought a petition for special relief, wherein she alleged that she sought to enroll the child in educational summer camps: one affiliated with Cornell University (lasting about three weeks) and one with Brown University (lasting about 5 days). Mother also requested the ability to take the child on college tours from March 31 to April 4, *2017*. Mother had petitioned for the latter request after the Court had granted Father five

2

consecutive days to visit with relatives in town from Singapore. *See* Order of Court, dated June 9, 2016. The Court had awarded Father atypical custody time with the out-of-town relatives, after the Court had granted Mother's previous request to take the child on a trip to the Galapagos Islands. In her June 9th petition, Mother clarified for the Court that the Galapagos trip was not a special trip she took with the child, but rather a trip affiliated with the child's school. In any event, the Court interpreted its custody order to mean that Mother did not need the Court's permission to sign the child up for educational/extracurricular activities, even when those activities occur on Father's time.

On July 13, 2016, Father brought forth a lengthy petition for contempt. Mother submitted a response and a new matter, asking for counsel fees. After hearing argument, this Court denied Father's relief and granted Mother's request. Father appeals.

## II. DISCUSSION

### A. Contempt of Custody Order

Father alleges this Court erred in denying his request for a hearing to determine whether Mother was in contempt of the January 21, 2016 custody order. *See* Father's Concise Statement, at Paragraph 1. Per 23 Pa.C.S.A. §5323(g), "[a] party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt." This Court denied Father's request for a hearing on contempt, because the facts alleged during the motion, even if true, did not prove that Mother willfully failed to comply with the custody order.

Father alleged that Mother violated Paragraph 13 of the January 21, 2016 custody order outlining travel outside of Allegheny County. *See* Father's Petition for Contempt, at Paragraph 2. The allegation is quite ridiculous. The Court has been aware for some time that Mother attends a family reunion in Deep Creek, MD around the Fourth of July holiday. Father had even once

3

brought this issue to the Superior Court, arguing that Mother misled the Court in describing her family get-together as a "family union." He argued that the gathering was not a family reunion because the child had testified *in camera* that the family does not, in fact, have t-shirts made. *See* 775 WDA 2011, Trial Court Opinion, at Footnote 3. This Court determined that Paragraph 13 was clearly meant to apply to general vacations or the special business trips on which Father takes the child, and not the family reunion trip which has been the source of Father's litigation since 2011.

Father alleged that Mother violated Paragraph 18 of the January 21, 2016 Custody Order, which provides that the child shall be able to have regular phone contact with Father when in Mother's custody. *See* Father's Petition for Contempt, at Paragraph 3. Father argued that it was Mother's fault that she took the child to an area where there was no cell phone reception. Clearly the custody provision was supposed to guard against one parent forbidding communication with the other parent. That the 15-year-old child could not answer the call, or would not answer the call, or do so in a timely fashion, does not mean that Mother willfully failed to comply with the custody order.

Father alleged that Mother violated the custody order because she did not notify him, via the Our Family Wizard computer program, that the child would be late entering his custody. *See* Father's Petition for Contempt, at Paragraph 4. The child was returning from a school trip and the flight was delayed. Father petitions for a contempt hearing, because Mother did not memorialize the delayed flight on Our Family Wizard. This is not a violation of the custody order.

4

Father alleged that Mother violated Paragraph 16[1] of the January 21, 2016 Custody Order, which provides that the parents will endeavor to communicate with each other rather than using the child as an intermediary. *See* Father's Petition for Contempt, at Paragraph 5. Such provisions are common is custody orders, especially in cases where communication between the parents is difficult. The provision seeks to prevent parents from placing undue burdens on children with shared custody arrangements. Such might occur when a child is tasked with relaying the intentions of one parent to the other. Here, Father claims that Mother forced the child to be a go-between during the scheduling of the child's summer. Father did not speak to this point during the presentation of his motion, and so the Court does not know precisely the alleged facts. But the Court is familiar with the case and knows that as the child has matured, Mother has encouraged the child to communicate directly to her Father when she wants him to know of her requests and desires. In this context, Mother has encouraged the child to explain to her Father – as opposed to using her Mother as the go-between – her desire to go to summer camp. This is not the type of act the custody order seeks to prevent, and Mother is not in violation of the order.

Father alleged that Mother is in contempt for representing to the Court that the child wanted to attend the summer camps when the child did not want to attend at all. *See* Father's Petition for Contempt, at Paragraphs 6-7. The Court is not persuaded by Father's argument that the child never wanted to go. Frankly, even if the child did not want to attend, it would be within Mother's purview, per this Court's grant of legal custody, to sign the child up anyway. Though no sworn testimony was taken, the Court was persuaded by Mother's representation that Father put extreme pressure on the child to cancel the summer camps, or else he would refuse to financially contribute to the child's education. Unfortunately, it would not be the first time

---

[1] Father's concise statement mistakenly cites Paragraph 13 (the vacation provision): he means Paragraph 16 (the communication between parties provision)

Father pressured the child until she submitted to his wishes. She testified *in camera* during the December custody trial that Father refused to see or speak to her until she fired her appointed attorney. In any event, the child decided not to attend the camps, which Father took as opportunity to seek sanctions for Mother's "lie" that the child wanted to go in the first place. Under no circumstance were Mother's actions contemptuous.

## B. False Statements

Father routinely faults this Court for its bias, and for believing Mother's lies. He has previously (and unsuccessfully) brought these specific issues before the Superior Court. Often times the Court is presented with diametrically-opposed versions of the events, often times without a plethora of supporting evidence. That the Court has chosen to believe Mother's version over Father's is neither evidence of the Court's bias nor Mother's perjury. Father's Concise Statements regarding these matters are devoid of merit. *See* Father's Concise Statement, at Paragraph 2-3; 5-6.

## C. Counsel Fees

Per 23 Pa.C.S.A. §5339, "a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith." Father alleges this Court erred in awarding Mother counsel fees. *See* Father's Concise Statement, at Paragraph 4. Father's July 13 contempt petition was his third iteration of the grievances he had with summer camp and at least the second iteration of those issues related to the Galapagos trip. *See* Orders of Court, dated June 9, 2016 and June 22, 2016. And even though this Court denied Father's requested relief then, he still brought substantially the same matters back before the Court. And when all else failed, Father alleged contempt, citing infringements so slight that they did not even warrant a hearing on the merits.

6

In addition to Father's frivolous petitions, Father has engaged in an extremely vexatious manner. He has purposefully pressured child to submit to his will or face punishment, even though this Court explicitly awarded Mother greater legal custody due to this very type of behavior. An award of $1,000 is appropriate given Mother's time and expense needed to defend against Father's campaign.

### III. CONCLUSION

For the reasons set forth above, Father's July 13, 2016 petition for contempt did not allege sufficient facts to warrant a hearing on contempt. Father's other concise statements regarding the Court's bias or Mother's lies are meritless. This Court's decision to award Mother counsel fees was not an abuse of discretion. This Court's order of July 13, 2016 should be affirmed.

BY THE COURT: