J-S35002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES E. JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA L. HARRIS | : | No. 677 MDA 2023 |

Appeal from the Order Entered April 6, 2023
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2021-00888

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: DECEMBER 20, 2023**

James E. Johnson ("Father") appeals from the order entered April 6, 2023, that denied several of his petitions for contempt and special relief in this proceeding addressing custody of his nine-year-old child ("Child") with Melissa L. Harris ("Mother").[1] Father contends the trial court abused its discretion in failing to find Mother in contempt due to her failure to abide by

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although this appeal involves a custody action, we will use the parties' names in the caption "as they appeared on the record of the trial court at the time the appeal was taken." Pa.R.A.P. 904(b)(1). Notably, "upon application of a party and for cause shown, an appellate court may exercise its discretion to use the initials of the parties in the caption based upon the sensitive nature of the facts included in the case record and the best interest of the child." Pa.R.A.P. 904(b)(2); **see also** Pa.R.A.P. 907(a). Neither party has applied to this Court for the use of initials in the caption. We will, however, refer to the minor involved in this custody dispute as "Child" to protect her identity.

the custody order requiring her to help Child call Father while Mother was exercising physical custody. On this issue, we affirm. Father also raises three challenges to the trial court's finding him in contempt of the custody order. As we conclude these three findings of contempt do not constitute final, appealable orders, we quash the appeal.

As noted by the trial court, this custody dispute, while only two years old, is contentious and heavily litigated: "Father has filed six petitions for contempt, two petitions for special relief, [and] one emergency petition[;] Mother has filed two petitions for special relief, one petition for contempt, and a motion for counsel fees."[2] Opinion and Order of Court, 4/6/23, at 1. However, given the limited scope of Father's arguments on appeal, we need not set forth the entire factual and procedural history of this case here.

Following Father's complaint in custody, the trial court entered an order on March 16, 2021, providing for shared legal and physical custody. The parties immediately began litigating issues under the initial custody order, leading to several modifications not relevant here. On November 4, 2021, the parties agreed to an order which, in relevant part, provided for a four-hour right of first refusal, a requirement for phone calls to the non-custodial parent, and a change in the physical custody schedule. On January 6, 2022, the trial

---

[2] The parties' dispute over physical custody, and the conditions attached to Mother's exercise of physical custody, were addressed in a separate order on the same date and are the subject of a separate appeal to this Court, docketed at 676 MDA 2023.

court vacated all previous custody orders and issued a single order incorporating the terms of the prior orders.

On January 27, 2022, Father filed a petition for contempt, alleging that Mother had failed to assist Child with homework, took Child out of state without notice, and failed to ensure that Child called Father when Mother was exercising physical custody. Mother allegedly responded by requesting that Father be held in contempt.[3] On March 7, 2022, the court modified the January 6, 2022 custody order in aspects not relevant here, and also scheduled a hearing on Father's contempt allegations.

Approximately one month later, on April 6, 2022, Father filed another contempt petition, once again alleging that Mother was failing to ensure that Child called him during Mother's periods of physical custody.

The parties subsequently litigated Mother's failure to enroll Child in extra-curricular programs and a summer camp without consulting Father. The court ordered Mother to enroll child in the programs and directed the parties to share the costs equally.

On June 14, 2022, Father filed another petition for contempt, once again alleging that Mother had failed to ensure Child called Father during Mother's

---

[3] The trial court's order acknowledges that Mother's response to Father's January 27, 2022 contempt petition is not in the record. Since Father does not raise any issue regarding the trial court's denial of Mother's request based on this response, we need not address the absence of this document from the certified record.

custodial periods. In addition, Father alleged that Mother had violated the right of first refusal and made inappropriate statements to Child. Mother filed a response, requesting that Father be held in contempt for not providing Child privacy when Child called Mother during Father's custodial periods and for discussing inappropriate subjects in front of Child. The trial court scheduled a hearing on Father's petitions for October 10, 2022.

On July 11, 2022, Father filed yet another petition for contempt, alleging that Mother had failed to pay her share of the summer camp costs. After a hearing on this petition, the trial court declined to find Mother in contempt since the prior order did not contain a specific date by which Mother's payment was due. Instead, the court ordered Mother to pay her share within 2 days, and to reimburse Father the filing fee and the associated transfer fee.

On September 29, 2022, Father filed another petition, this one titled "Petition for Special Relief." In this petition, Father alleged that Mother had inappropriately left Child in the custody of Mother's 14-year-old son while Mother worked. Father sought an order requiring Mother to honor the right of first refusal in the custody order and provide Father with a list of three third-party caregivers to be used in the event that neither Mother nor Father were available to care for Child. The court added this issue to the list of topics to be addressed at the next scheduled hearing, which was ultimately rescheduled for January 9, 2023.

In the meantime, the parties continued to litigate new grievances. Mother filed a petition for special relief seeking the removal of the phone call requirement and the right of first refusal from the custody order. In response, the trial court reduced the phone call requirement to two days during either party's five-day period of physical custody and ordered Father to buy Child a new mobile phone.

Mother also filed two petitions in December 2022. First, she filed petition for counsel fees on December 9, alleging that Father had filed his contempt petitions in bad faith and that Father had acted unreasonably in purchasing Child a new mobile phone. Shortly thereafter, on December 13, Mother filed a contempt petition, alleging Father had forced Mother to care for Child during Father's period of physical custody without Mother's consent. These two petitions were added to the list of topics to be addressed at the January 9, 2023 hearing.

At the January 9 hearing, both Mother and Father testified. The trial court declined to address the contempt petitions at that time, and scheduled further hearings to address the custody disputes between the parties. The court directed the parties to consider whether further litigation was in the best interests of Child before filing any more petitions in this matter.

On February 1, 2023, Father filed another petition for contempt, alleging that Mother had hidden Child's mobile phone during Mother's period of physical custody, thereby preventing Child from contacting Father. This

petition was added as a topic to be addressed at a hearing scheduled for March 20, 2023. At the close of the hearing, the court indicated that it was holding the contempt petitions open to give Mother an opportunity present additional evidence.

Mother presented her evidence at an April 3, 2023 hearing. At the close of the hearing, the court indicated that the record was closed and that it would issue a decision as soon as possible. On April 6, 2023, the court, in relevant part: (1) denied Father's January 27, 2022 contempt petition; (2) denied Father's April 6, 2022 contempt petition; (3) partially granted relief on Father's June 14, 2022 contempt petition, on the basis of Mother's failure to honor the right of first refusal highlighted in that petition, awarding Father 50% of his reasonable counsel fees; (4) denied Father's September 29, 2022 petition for special relief; (5) denied Mother's December 9, 2022 motion for counsel fees; (6) denied Mother's request for contempt presented in her response to Father's January 27, 2022 contempt petition; (7) denied Mother's request for contempt presented in her response to Father's April 6, 2022 contempt petition; (8) granted Mother's request for contempt presented in her response to Father's June 14, 2022 contempt petition; (9) granted Mother's December 13, 2022 contempt petition; (10) denied Father's February 1, 2023 contempt petition; and (11) granted Mother's request for counsel fees presented in her response to Father's February 1, 2023 contempt petition. The only sanction imposed by the trial court for either party's contemptuous

behavior was the award of counsel fees to the complaining party. Importantly, however, the order did not set forth a defined award. Rather, the court directed that

> [w]ithin 10 days … counsel for the parties shall exchange the invoices regarding the reasonable attorney's fees associated with their respective fee awards and attempt to identify the amount Father owes Mother after his … fee award associated with the June 14, 2022 Petition for Contempt is subtracted from Mother's fee awards associated with the December 13, 2022 Petition for Contempt and … Mother's response and defense of Father's [February 1, 2023] Contempt Petition.
>
> If the parties are unable to resolve the reasonable attorney's fee award issue within 21 days of the date of this Order, they shall submit their invoices and supporting documentation for only the entries associated with a fee award [to the trial court.]

Order of Court, 4/6/2023, at ¶¶ 14-15 (paragraph numbers omitted).

Father then filed this timely appeal. In his brief, Father lists four issues. Father's first issue challenges the trial court's refusal to find Mother in contempt of the custody order for her handling of the required phone calls during her custodial periods. His final three issues all attack the portions of the April 6, 2023 order that found Father in contempt for various reasons.

Before we can address the issues raised by Father in this appeal, however, we must address two preliminary concerns. First, we must determine whether we have jurisdiction to review any of Father's issues. We may raise jurisdictional issues *sua sponte*. **See Williams v. Wentzel**, 232 A.3d 652, 654 (Pa. 2020). Put simply, "an appeal properly lies only from a final order unless otherwise permitted by rule or statute." **G.B. v. M.M.B.**,

670 A.2d 714, 717 (Pa. Super. 1996) (*en banc*) (citations omitted). Most commonly, a final order is one that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). A primary purpose of the final order rule is to preserve judicial resources through the prevention of piecemeal appeals. **See Commonwealth v. Sartin**, 708 A.2d 121, 122 (Pa. Super. 1998)

Shortly after Father filed this appeal, this Court directed Father to explain "what portions of the April 6, 2023 order are appealable." **Johnson v. Harris**, 677 MDA 2023 (Pa. Super. filed May 23, 2023) (unpublished order). Father's response divided the April 6 order into two relevant categories: (1) portions finding him in contempt and ordering him to pay Mother's counsel fees; and (2) portions refusing to find Mother in contempt of prior court orders. We ultimately agree with Father that the those portions refusing to find Mother in contempt constitute final, appealable orders. However, those portions finding him in contempt are not yet final.

Father correctly notes that an order finding a party in contempt and imposing a sanction is generally considered to be final and appealable. **See Foulk v. Foulk**, 789 A.2d 254, 257 (Pa. Super. 2001) (*en banc*). However, while accurate, that statement is incomplete. Where, as here, a court imposes an award of "reasonable" counsel fees, but does not set forth an explicit monetary value, the court has not yet disposed of all claims of all parties. As all first-year law students quickly learn, "reasonable" is a term that can be vigorously disputed.

Here, Father is appealing portions of the April 6, 2023 order that found him in contempt. Those portions are not final, and we have no jurisdiction to review them. Clearly, the April 6, 2023 order imposed a sanction on Father. But just as clearly, the order provided for further proceedings to determine the monetary value of that sanction. As such, the order did not fully dispose of all of the claims of the parties: both parties still have an opportunity to litigate what amount of counsel fees are reasonable. As the final three of Father's four issues in his brief all attack portions of the order that found him in contempt, these issues are quashed.

Turning to the remaining issue, we note that an order denying a contempt petition is considered final and appealable if it permanently forecloses the petitioner's entitlement to relief under a prior final order. ***See Schultz v. Schultz***, 70 A.3d 826, 828 (Pa. Super. 2013). Here, Father's claims are based on allegations Mother intentionally violated the custody order's provision about phone contact, which led Father to incur costs in an attempt to get Mother to comply with the phone call provision. The April 6, 2023 order constitutes a final resolution of Father's claims. He will have no future opportunity be compensated for these costs. Accordingly, we have jurisdiction over Father's sole remaining issue on appeal.

Nonetheless, we still must address another issue before reaching the merits of Father's claim. Our Rules of Appellate Procedure require that an appellant file a concise statement of errors complained of on appeal

contemporaneously with the notice of appeal in a children's fast track appeal. ***See*** Pa.R.A.P. 1925(a)(2)(i). Here, Father filed his notice of appeal on May 5, 2023, 29 days after the order was entered, and was docketed in this Court on May 11, 2023. No concise statement was attached to the notice of appeal. Father subsequently filed a concise statement dated May 9, 2023, and docketed in this Court on May 12, 2023. Further, while the certificate of service attached to Father's concise statement indicates service to Mother and to Child's Guardian Ad Litem, it does not indicate service to the trial court. And the trial court, in its filed opinion, indicated that it was not aware of any concise statement. ***See*** Trial Court Opinion, 5/9/23, at 1 n.1. As such, Father's appeal is technically subject to dismissal. ***See Velasquez v. Miranda***, 297 A.3d 837, 841 (Pa. Super. 2023).

However, this Court will not dismiss an appeal entirely where there has been substantial compliance with the rules and the opposing party has suffered no consequence. ***See id.*** Here, we note that Father has not substantially complied with the rules, as he failed to serve the trial court with his concise statement. Despite this, the April 6, 2023 order is detailed and clearly explains the trial court's rationale for its decisions. Therefore, despite Father's failure to comply with the Rules, we are able to review his remaining issue and decline to find it waived.

We begin our analysis of Father's remaining issue with our standard of review:

> [W]e review contempt orders for an abuse of discretion[.] The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. Absent an error of law or an abuse of discretion, we will not disrupt a finding of civil contempt if the record supports the court's findings.

*Zabrosky v. Smithbower-Zabrosky*, 273 A.3d 1108, 1114 (Pa. Super. 2022).

To establish that Mother was in contempt of the custody order, Father was required to prove, by a preponderance of the evidence, that: (1) Mother had notice of the custody order; (2) that Mother acted volitionally when violating the custody order; and (3) Mother violated the order with wrongful intent. *See id.* at 1115. Here, Father alleged that Mother willfully violated the custody order by preventing Child from making required phone calls on multiple occasions and otherwise interfering with the required phone calls.

After hearing evidence from the parties, the trial court found that Father had proven the first two elements with respect to his January 27, 2022 contempt petition. *See* Exhibit A, Order of Court, 4/6/2023. However, the court found that Father had failed to prove, by a preponderance of the evidence, that Mother had acted with wrongful intent. On this issue, Father alleged that the circumstances demonstrated Mother acted out of a desire to deprive Father of contact with Child and estrange him from Child. In contrast, Mother testified that, on the night in question, she was at a large family

- 11 -

Christmas gathering in West Virginia and merely forgot to have Child call Father. *See* N.T., 4/3/2023, at 15.

On issues of credibility, we defer to the trial court, who viewed the testimony of the witnesses live, as opposed to the cold record we review on appeal. *See M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013). Here, we cannot conclude the trial court abused its discretion in believing Mother's explanation for the missed phone call over Father's interpretation. Father's challenge to the portion of the April 6, 2023 order that denied his January 27, 2022 contempt petition merits no relief on appeal.

Next, Father asserts the trial court erred in refusing to grant his April 6, 2022 contempt petition. In that petition, Father alleged that Mother had failed to provide Child with privacy during a call with Father on March 2, 2022. Further, Father alleged that Mother failed to allow Child to call Father on March 28, 2022. Mother testified that Father actually had custody of Child on March 2, so Father's allegation did not make any sense. *See* N.T., 4/3/2023, at 33. Regarding the March 28 call, Mother testified that she was working with Child on Child's homework. *See id.* at 34. She admitted that Child did not make the required call, but explained that it had merely slipped her mind. *See id.* According to Mother, she did not intentionally miss the call. *See id.*

Based on this testimony, the trial court found that, while Mother had notice of the obligation to make the call, she had not acted volitionally. *See* Exhibit A, Order of Court 4/6/2023. Once again, this was a credibility

determination, vested in the sound discretion of the trial court. We can find no reason to conclude that the trial court abused that discretion in finding Mother's testimony credible. Father's challenge to the portion of the April 6, 2023 order that denied his April 6, 2022 contempt petition merits no relief.

Finally, Father claims the trial court erred in refusing to find Mother in contempt pursuant to his June 14, 2022 contempt petition. In relevant part, Father alleged that Mother had prevented Child from answering Father's phone calls on nine separate days spanning from the end of April to the beginning of June 2022. Mother conceded that Child's mobile phone was often uncharged, and that Father's calls would go straight to Child's voicemail. *See* N.T., 4/3/2023, at 41. Mother stated, however, that Child always called Father during the court-ordered window for the required phone call. *See id.* at 42. In contrast, Father testified that Child failed to make required phone calls on multiple occasions. *See* N.T., 3/20/2023, at 48-53.

Here, the trial court found that, while Mother had notice of the phone call requirement, Father failed to prove that Child had failed to make the required phone calls. *See* Exhibit A, Order of Court, 4/6/2023. Once again, the trial court's finding is essentially one of credibility. And once again, we can find no basis to conclude that the trial court abused its discretion in finding Mother's testimony more credible than Father's. Father's challenge to the portion of the April 6, 2023 order that denied his June 14, 2022 contempt petition merits no relief.

In summary, we conclude that the portions of the April 6, 2023 order that found Father in contempt of the custody are not yet final and therefore Father's appeal from those portions is hereby quashed. In contrast, those portions of the April 6, 2023 order that denied Father's petitions seeking to hold Mother in contempt are final and properly before us. Nonetheless, we conclude that Father is due no relief on these issues and therefore affirm those portions of the order.

Appeal quashed in part. Order affirmed in part. Jurisdiction relinquished. Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/20/2023</u>